IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 09-424 |
| | : | |
| | : | |
| JING HE | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Jing He, by his attorney Catherine C. Henry, Senior Litigator, Federal Community Defender Office for the Eastern District of Pennsylvania, respectfully submits this memorandum in order to assist the Court in finding a just sentence. All of the sentencing factors enumerated in 18 U.S.C. § 3553(a) weigh in favor of a below-Guidelines sentence in this case. Accordingly, the defense respectfully suggests that a sentence of time served months is the most appropriate sentence for Mr. He pursuant to *United States v. Booker*, 543 U.S. 220 (2005), its progeny, and 18 U.S.C. § 3553(a).

### I. PROCEDURAL HISTORY

On July 23, 2009, Jing He entered a guilty plea to a one count Information charging Mr. He with theft and attempted theft of a trade secret, in violation of 18 U.S.C. §§ 1832(a)(2) and (a)(4) (Count One)**.**   Sentencing is scheduled for November 3, 2009.

### II. DEFENDANT'S PERSONAL HISTORY

Jing He is a 28 year old citizen of the People's Republic of China. Mr. He was in the United States on a valid work visa for the purpose of working for Siemen's Incorporated. Jing He received both a bachelors and masters degree in mechanical engineering in his native China. Mr. He has no prior convictions or contact with the criminal justice system. He is very

remorseful for this conduct and fully accepts responsibility for his actions. He is anxious to return to China and reunite with his family.

## III. SENTENCING CONSIDERATIONS

As set forth by the Third Circuit in *United States v. Tomko*, — F.3d —, 2009 WL 1025876 (3d Cir. April 16, 2009), a sentencing court must, in every case,

> begin the process by first calculating the applicable Guidelines range. After that initial calculation, the court must then rule on any motions for departure and, if a motion is granted, state how the departure affects the Guidelines calculation. Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the Guidelines.[1]

*See Tomko*, — F.3d —, 2009 WL 1025876, at *7 (quoting *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008)). In arriving at an ultimate sentence, the sentencing court may not prefer a within-Guidelines sentence over a sentence outside the Guidelines. *See Nelson v. United States*, — U.S. —, 129 S. Ct. 890, 891 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are not to be *presumed* reasonable.") (emphasis in original). *Accord Gall*

---

[1] The sentencing factors set forth in § 3553(a) include:

- the nature and circumstances of the offense and the history and characteristics of the defendant;

- the kinds of sentence available;

- the Guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range;

- the need to avoid unwarranted sentencing disparity; and

- the need to provide restitution where applicable.

18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

*v. United States*, 552 U.S. —, 128 S. Ct. 586, 596-97 (2007) (sentencing courts "may not presume that the Guidelines range is reasonable."); *Rita v. United States*, 551 U.S. at 351 ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.").

The third step (the heart of post-*Booker* sentencing) requires sentencing courts to give full consideration to all of the § 3553(a) factors. At this stage, as the Supreme Court recently re-emphasized in its summary reversal of the Eighth Circuit in *Spears v. United States*, — U.S. —, 129 S. Ct. 840 (2009), sentencing courts may vary from the Guidelines based on case-specific considerations, policy reasons alone, or both. *See Spears*, 129 S. Ct. at 843 ("That was indeed the point of *Kimbrough*: a recognition of district courts' authority to vary from the crack cocaine Guidelines based on *policy* disagreements with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case.") (emphasis in original).

At base, the overarching goal of this three-part process is the imposition of a sentence "sufficient, but not greater than necessary," to achieve the goals of sentencing – retribution, deterrence, incapacitation, and rehabilitation. *See* 18 U.S.C. § 3553(a); *Kimbrough v. United States*, 552 U.S. —, 128 S. Ct. 558, 570 (2007).

## IV. APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

In the present case, the Court must consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing for Mr. He:

### A. The Nature and Circumstances of the Offense and Mr. He's History and Characteristics

Jing He's history and characteristics weigh in favor of a below-guidelines sentence in this case. As discussed above in the personal history section, he is a 28 year old with significant education and no prior criminal history. When confronted by his superiors at Siemen's Inc., he immediately admitted to downloading software and apologized for his actions.

### B. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

*1. To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

Jing He has already spent a significant amount of time in a Federal correctional facility. He recognizes how the loss of his liberty, the inability to maintain contact with his family, and the stress these events have had on his family and relationships are all consequences of his own actions. Mr. He does not seek to justify or minimize his actions. The Court, however, should recognize that Mr. He's professional ambition contributed to this criminal act. Consequently, a sentence below the advisory range would meet these sentencing objectives.

*2. To afford adequate deterrence to criminal conduct.*

Similarly, Mr. He's prosecution and conviction for this case in the serious venue of federal court, along with the risk of serving a prison term, provides a more-than-adequate general deterrent to other, similarly-situated individuals. Therefore, even a sentence below the advisory Guidelines range would send an appropriate message to others and deter people from committing similar crimes.

*3. To protect the public from further crimes of the defendant.*

Mr. He's personal experience in this case, taken together with a below-Guidelines

sentence, will provide sufficient individual deterrence against Mr. He repeating his offense. For all of these reasons, the Court can be assured that a below-Guidelines sentence will adequately protect the public against further crimes by Mr. He for the forseeable future.

4. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. He has a bachelors and masters degree. While Mr. He could certainly benefit from further education, a below-Guidelines sentence would meet those ends and therefore is sufficient in this case.

### C. Kinds of Sentences Available

The range of sentences statutorily available to the Court are listed in Part D of the PSR. This range includes a sentence of incarceration of up to 10 years, 3 years supervised release, a fine of up to $250,000.00, and a mandatory special assessment of $100.

### D. The Sentencing Range Established by the Sentencing Commission

Both the government and Jing He object to the enhancements in paragraphs 25 and 26 of the Presentence Investigation Report. Mr. He concurs with the government's rationales outlined in our joint objections filed with the United States Probation Office and as outlined in the government's sentencing memo. Accordingly, the total offense level is 25 and Mr. He is in Criminal History Category I. The corresponding advisory guideline range is 37 to 46 months.

V.      CONCLUSION

Siemen's Inc. suffered no financial loss as a result of Jing He's actions.  Mr. He has been incarcerated at the Federal Detention Center for 8 months and is facing deportation to China. Based on the above stated reasons, the defense respectfully requests that this Court impose a sentence of time served.

Respectfully submitted,

*s/Catherine C. Henry*
CATHERINE C. HENRY
Senior Litigator

# CERTIFICATE OF SERVICE

I, Catherine Henry, Senior Litigator, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have electronically served a copy of Defendant's Sentencing Memorandum, upon Leo R. Tsao**,** Assistant United States Attorney, to his office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

    *s/Catherine C. Henry*
CATHERINE C. HENRY
Senior Litigator

DATE: _____ November 2, 2009